UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-CV-21251

JEANNY GARCIA OREILLY,

     Plaintiff,

vs.

THE ART OF FREEDOM INC. d/b/a
LA ESQUINA DE LA FAMA and
ARLENA LOPEZ,

     Defendants.

_____/

## **COMPLAINT**

    Plaintiff, Jeanny Garcia OReilly, sues Defendants, The Art of Freedom Inc. d/b/a La Esquina de la Fama and Arlena Lopez, as follows:

### *Parties, Jurisdiction, and Venue*

    1.    **Plaintiff, Jeanny Garcia OReilly**, was and is a resident of Miami-Dade County, Florida, at all times material, who is over 18 years old, and is *sui juris*. She was an hourly non-exempt employee of Defendants who earned, but did not receive, minimum and overtime wages from Defendants who consents to participate in this lawsuit.

    2.    **Defendant, The Art of Freedom Inc.**, is a *sui juris* Florida for-profit corporation that does business under the fictitious name of **La Esquina de la Fama**, and has operated its restaurant business here, in Miami-Dade County, Florida at all times material.

    3.    **Defendant, Arlena Lopez**, was and is an owner, officer, and operator of Los Delfines, for the relevant time period. She ran its day-to-day operations, had supervisory

1

authority over Plaintiff, and was partially or totally responsible for paying Plaintiff's wages. She lives and works in Miami-Dade County, Florida.

4.      Defendants were Plaintiff's direct employers, joint employers and co-employers for purposes of the FLSA and the FMWA, as the term "employer" is defined by 29 U.S.C. §203 (d). Both Defendants employed the Plaintiff.

5.      Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, they maintain their office and principal place of business and/or live in this District, because Defendants employed the Plaintiff in this District, and because most of the actions complained of occurring within this District.

### *Common Background Factual Allegations*

6.      Defendants have been at all times material engaged in interstate commerce in the course of employing two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

7.      Furthermore, Defendant obtained, exchanged, and sent/received funds to and from outside of the State of Florida, regularly and routinely exchanged telephonic transmissions going into/outside of the State of Florida to conduct business, and transmitted electronic information through computers, the internet, credit card terminals, via email, and otherwise into/outside of the State of Florida.

8.      Defendant's annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

7300 N. Kendall Drive, Miami, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

9.      Defendant's have been, at all times material, an enterprise engaged in interstate commerce in the course of their marketing, preparation, cooking, service, and sale of foodstuff, produce, meats, beverages, alcoholic beverages, and products that have moved through interstate commerce.

10.      Defendants cooked, prepared, and stored perishables and alcoholic beverages while using machinery, appliances, refrigeration goods and materials that also have moved through interstate commerce.

11.      Plaintiff worked for Defendants from approximately December 17, 2016 to the present.

12.      To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants.

13.      Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while she worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants in the course of her handling and serving food, produce, and beverages that have traveled through interstate commerce while also regularly and routinely utilizing computers, equipment, telephone lines, funds, and electronic transmissions that also traveled through interstate commerce.

14.      In addition, Plaintiff would regularly and routinely process credit cards through a terminal that would exchange electronic transmissions in and out of the State of Florida.

15.      Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

16.      Any/all conditions precedent to filing this lawsuit have been satisfied by Plaintiff.

7300 N. Kendall Drive, Miami, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

## COUNT I – FLSA MINIMUM WAGE VIOLATION

Plaintiff reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

17.     In 1966, the FLSA was amended to extend minimum wage protection to employees of restaurants [and] special provisions were made for employees who received tips. Sen. Rep. 89-1487, *3013. Prior to 1966, "tipped employees" were not protected by the FLSA. Restaurants were not obligated to pay a minimum wage to a "tipped employee." "Under the 1966 amendments [tipped] employees are entitled to receive the prevailing minimum wage for each hour worked by them in a given week." *Hodgson v. Bern's Steak House, Inc*., 1971 WL 843, * 3 (M.D. Fla. 1971) see also *Olson v. Superior Pontiac-GMC, Inc.*, 765 F.2d 1570, 1578-79 (11th Cir. 1985) *modified on other grounds,* 776 F.2d 265 (11th Cir. 1985) (minimum wage must be paid for each and every hour worked.

18.     The failure to pay for each hour worked invalidates the tip credit. *Chisolm v. Gravitas Rest. Ltd.*, 2008 WL 838760 (S.D. Tex. 2008).

19.     The "wage" that restaurants "shall pay" to a tipped employee is explained in 29 U.S.C.A. § 203(m): "the amount paid such employee by the employee's employer shall be an amount equal to" the required reduced cash wage. The statute contains a second sentence which states, the employer "is required to pay [an] amount [which] shall be not less than the cash wage required." *Id.*

20.     Defendants purported to claim a "tip credit" allowed by the FLSA and Florida law. The FLSA, 29 U.S.C. §203(m), allows Defendants to pay less than the required minimum wage by taking a "tip credit," in order to satisfy its minimum wage obligation. However, in order to utilize the "tip credit," Defendants must strictly comply with the FLSA and Florida law.

4

21.    A condition precedent to the "tip credit" availability is that Defendants must inform employees of its intention to take a "tip credit." The "tip credit" is not applicable herein, because Defendants failed to "inform" Plaintiff of their intention to claim a "tip credit," as is required by the FLSA at 29 U.S.C. §203(m). Defendants could not have informed Plaintiff, as they had a built-in policy to deduct from Plaintiff's wages, and thus Plaintiff's pay fell below the minimum wage for tipped employees. Knowledge that there is a "tip credit" in the industry is insufficient. Defendants failed to comply with the informational requirements of 29 C.F.R. §531.59(b), in that (1) Defendants failed to inform Plaintiff about the "tip credit" altogether; (2) the amount of the cash wage that is to be paid to the tipped employee by the employer; (3) the additional amount by which the wages of the tipped employee are increased on account of the "tip credit" claimed by the employer; (4) that all tips received by the tipped employee must be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and (5) that the tip credit shall not apply to any employee who has not been informed of these requirements in this §531.59(b).

22.    During the Relevant Time Period, Defendants did not pay Plaintiff at least a "tip credit" wage for all hours regular hours worked.

23.    During the Relevant Time Period, Plaintiff was not paid for all hours regular hours worked in excess of those for which she was scheduled, since Defendants did not maintain accurate time records identifying the dates and times that Plaintiff started and stopped working.

24.    During the Relevant Time Period Plaintiff also was made to pay for walkouts and dropped orders.

25.    Defendants willfully and intentionally refused to pay Plaintiff even a minimum wage for all of the hours that she worked during the relevant time period.

5

26.     Defendants either knew from prior experience or recklessly failed to investigate whether their failure to pay Plaintiff a minimum wage for each of the hours worked during the relevant time period violated the FLSA and then failed to timely correct their violation.

WHEREFORE Plaintiff, Jeanny Garcia OReilly, demands the entry of a judgment in her favor and against Defendants, The Art of Freedom Inc. d/b/a La Esquina de la Fama and Arlena Lopez, jointly and severally, jointly and severally, after trial by jury and as follows:

a.      That Plaintiff recover compensatory minimum wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b) – or interest on the unpaid wages if no liquidated damages are awarded;

b.      That Plaintiff recover pre-judgment interest on all unpaid minimum wages if the Court does not award liquidated damages;

c.      That Plaintiff recover an award of reasonable attorneys fees, costs, and expenses pursuant to the FLSA;

d.      That Plaintiff recover all interest allowed by law;

e.      That the Court declare Defendants to be in willful violation of the minimum provisions of the FLSA; and

f.      Such other and further relief as the Court deems just and proper.

### COUNT II – FLSA OVERTIME WAGE VIOLATION

Plaintiff reincorporates and re-allege paragraphs 1 through 16 as though set forth fully herein and further allege as follows:

7300 N. Kendall Drive, Miami, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

27.     Defendants failed and refused to pay Plaintiff overtime wages calculated at a rate of time and one-half of her regular hourly rate of at least a minimum wage for all hours worked over 40 hours in a given workweek.

28.     Defendants willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half times her regular rate of pay (of at least the applicable Minimum Wage) for each of the overtime hours she worked during the relevant time period.

29.     Defendants either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendants were not required to pay overtime, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff of the overtime pay she earned.

30.     Plaintiff is entitled to a back pay award of overtime wages for all overtime hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Jeanny Garcia OReilly, demands the entry of a judgment in her favor and against Defendants, The Art of Freedom Inc. d/b/a La Esquina de la Fama and Arlena Lopez, jointly and severally, jointly and severally, after trial by jury and as follows:

a.      That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b) – or interest on the unpaid wages if no liquidated damages are awarded;

b.      That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

7

c.       That Plaintiff recover an award of reasonable attorneys fees, costs, and expenses pursuant to the FLSA;

d.       That Plaintiff recover all interest allowed by law;

e.       That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

f.       Such other and further relief as the Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff demands a trial by jury of all issues so triable.

Dated this <u>4th</u> day of April, 2017.

Respectfully Submitted,

FAIRLAW FIRM
*Counsel for Plaintiff*
7300 N. Kendall Drive
Suite 450
Miami, FL 33156
Tel:    305.230.4884
Fax:   305.230.4844

*s/Brian H. Pollock, Esq.*
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com

7300 N. Kendall Drive, Miami, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*brian@fairlawattorney.com www.fairlawattorney.com*