UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-CV-21251-WILLIAMS/LOUIS

JEANNY GARCIA OREILLY,

    Plaintiff,

vs.

THE ART OF FREEDOM INC. *d/b/a*
LA ESQUINA DE LA FAMA *et al*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

**THIS MATTER** is before the Court on Plaintiff's Bill of Costs (ECF No. 93); Plaintiff's Verified Motion for Entitlement to an Award of Attorneys' Fees and Costs (ECF No. 94); and Defendants' Motion for Reduction of Attorney Fees (ECF No. 105). These motions were referred to the undersigned United States Magistrate Judge by the Honorable Kathleen M. Williams, United States District Judge (ECF No. 97). A hearing was held on these motions before the undersigned on October 25, 2018. Upon consideration, the undersigned makes the following recommendations.

**I.    BACKGROUND**

Plaintiff Jeanny Garcia OReilly filed this employment action on April 4, 2017 (ECF No. 1) against Defendant The Art of Freedom Inc., her former place of employment, and Defendant Arlena Lopez, her former supervisor. Plaintiff amended her complaint on March 12, 2018 (ECF No. 43) to add Defendants Brandon Baby Inc. and Miguel Campos. The operative amended complaint pled three counts alleging violations of the Fair Labor Standards Act ("FLSA")

1

(Counts I and II) and the Florida Minimum Wage Act ("FMWA") (Count III), each against all Defendants. Plaintiff alleged that Defendants failed to pay her minimum wage and overtime during the course of her employment as required by law. Relevant to the present motions, a recurring issue throughout this case became which Defendants were Plaintiff's true employers: The Art of Freedom Inc. and Arlena Lopez, or Brandon Baby Inc. and Miguel Campos.

On May 15, 2018, Plaintiff moved for partial summary judgment (ECF No. 65), asking the Court to find that: (1) all Defendants operated as a joint enterprise, making them subject to the requirements of the FLSA and the FMWA, and that (2) Defendants were her joint employers, making them jointly and severally liable for minimum and overtime wages. The Court granted Plaintiff's summary judgment motion in part (ECF No. 77), finding that Defendants were a joint enterprise as a matter of law and therefore subject to the FLSA and FMWA, but that an issue of fact existed as to whether Defendants were joint employers.

The Court held a jury trial between July 10, 2018 and July 12, 2018 (ECF No. 80, 81). On July 12, the jury returned a verdict in favor of Plaintiff, finding that "besides being an employee of Brandon Baby Inc. and Miguel Campos," Plaintiff was also an employee of Defendants The Art of Freedom, Inc. and Arlena Lopez; and that all four employers were jointly and severally liable for failing to pay her the minimum and overtime wages as required by law (ECF No. 83). The jury returned a verdict in favor of Plaintiff in an amount of $5,828.00 in unpaid minimum wage and $2,904.90 in overtime wages, for a total of $8,732.90 in damages (*Id.*). Plaintiff then moved for imposition of liquidated damages for an additional $8,732.90 (ECF No. 84). Defendants filed no opposition, and the Court granted the motion (ECF No. 92). The Court entered its final judgment in favor of Plaintiff on August 8, 2018 for a total amount of $17,465.80, and closed the case (ECF No. 96).

On August 7, 2018, Plaintiff filed her Bill of Costs (ECF No. 93) and her Verified Motion for Entitlement to an Award of Attorneys' Fees and Costs (ECF No. 94), seeking $75,841.50 in attorney fees and $4,946.69 taxable costs, for a total of $80,788.19 in fees and costs. Plaintiff noticed the absence of any filed response or opposition to the motions on August 22, 2018 (ECF No. 100).

A full month later, Defendants moved for an extension of time within which to file opposition, though the motion gave no reason for the failure to timely file opposition (ECF No. 102). After a hearing was set on the pending motions, Defendants filed a Motion for Reduction of Attorney Fees (ECF No. 105). Functionally an out-of-time opposition to Plaintiff's motion for fees, Defendants' motion asks that the Court reduce the fee award sought by Plaintiff's counsel by 30 percent. Defendants argue that the reduction is warranted because Plaintiff amended the complaint a year after filing suit, which Defendants contend "certainly" increased the time for counsel to prepare for trial, and, as such, the billing should be considered "excessive, redundant and duplicative." No particular time entry or category of tasks is challenged in Defendants' motion, which, if granted, would result in the Court reducing the fees award to approximately $50,000.

The undersigned held a hearing on the pending motions on October 25, 2018, at which Defendant Arlena Lopez personally appeared. In open court, the undersigned denied a pending motion to compel fact information sheets (ECF No. 107) as moot. The undersigned heard argument from both sides on the pending motions, and reserved her recommendations for a written report.

## II. DISCUSSION

### A. Plaintiff's Motion for Attorney Fees

#### 1. Entitlement to Fees

Plaintiff's motion for attorney fees is predicated on the fee-shifting provisions of the FLSA and the FMWA. The FLSA provides that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Similarly, the FMWA provides that "[u]pon prevailing in an action brought pursuant to this section, aggrieved persons…shall be awarded reasonable attorney's fees and costs." Fla. Stat. § 448.110(5)(c).

It is undisputed that Plaintiff is the prevailing party in this action. The Court entered a final judgment in favor of Plaintiff for a total amount of $17,465.80, based on the jury's verdict that Plaintiff should be awarded $5,828.00 in unpaid minimum wage and $2,904.90 in overtime wages, plus an additional $8,732.90 in damages based on Plaintiff's motion for liquidated damages. The jury also found in favor of Plaintiff in finding that all four Defendants were liable as Plaintiff's employers. Accordingly, the FLSA provides that the Court must award attorney fees to the prevailing Plaintiff. *See Shelton v. Ervin*, 830 F.2d 182, 184 (11th Cir. 1987) ("Section 216 provides for an award of attorney's fees, as opposed to granting the court discretion in awarding such fees, to the prevailing party in FLSA cases."); *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985) ("[the FLSA] makes fee awards mandatory for prevailing Plaintiffs").

#### 2. Amount of Fees

The Eleventh Circuit has adopted the lodestar method to determine the reasonableness of an award of attorneys' fees. *Norman v. Housing Authority of City of Montgomery*, 836 F.2d

4

1292, 1299 (11th Cir. 1988). Although the Eleventh Circuit set forth the lodestar approach in *Norman*, it has reiterated that at least some of the factors articulated in the older *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 109 S. Ct. 939, 103 L. Ed. 2d 67 (1989), still have some utility in establishing the appropriate hourly rate. *Norman*, 836 F.2d at 1299.

To determine a lodestar amount, a court must ascertain a reasonable hourly rate and multiply it by the number of hours an attorney reasonably expended on the litigation. *Norman*, 836 F.2d at 1299. Where the time or fees claimed seem excessive, or there is a lack of support for the fees claimed, "the court may make the award on its own experience." *Id.* at 1303. The burden of establishing that the fee request is reasonable rests with the fee applicant, who must "submit evidence regarding the number of hours expended and the hourly rate claimed." *U.S. ex rel. Educ. Career Dev., Inc. v. Cent. Fla. Reg'l Workforce Dev. Bd., Inc.*, No. 6:04CV93ORL19DABC, 2007 WL 1601747, at *3 (M.D. Fla. June 1, 2007) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)); *see also* S.D. Fla. Local Rule 7.3(a). Evidence in support of the fee applicant's request requires "sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303. The party seeking fees must supply the Court with "'specific and detailed evidence' in an organized fashion." *Machado v. DaVittorio, LLC*, No. 09–23069–CIV, 2010 WL 2949618, at *1 (S.D. Fla. July 26, 2010) (quoting *Norman*, 836 F.2d at 1303).

### a. Reasonable Hourly Rates

A reasonable hourly rate is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman,* 836 F.2d at 1299. Under a fee-shifting statute, a prevailing plaintiff is only

entitled to have the losing party pay for an attorney with reasonable expertise at the market rate, not for the most experienced attorney. *See Am. Civil Liberties Union of Georgia v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999). While the particular expertise, experience, and prestige of the attorneys may be taken into account, the fees are constrained to the range of the prevailing market rates. The relevant legal community for purposes of determining the reasonable hourly rate for an attorney's service is "the place where the case is filed." *Cullens v. Georgia Dep't of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994). The fee applicant bears the burden of demonstrating that the rates charged are reasonable in the relevant legal community. *Norman*, 836 F.2d at 1299. The Court is deemed an expert on the issue of attorneys' fees and rates and "may consider its own knowledge and experience concerning reasonable and proper fees." *Norman*, 836 F.2d at 1303 (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)).

The undersigned has carefully reviewed Plaintiff's submissions (ECF No. 94-1). Plaintiff's verified motion for attorney fees is supported by an invoice detailing each time entry entered on this matter, as well as listing the hourly rates of the attorneys who worked on this case. Lead attorney Brian H. Pollack, Esq., billed at $400 per hour in 2017 and $425 per hour in 2018; paralegal Cynthia Acuna-Nelson billed at $135 per hour in 2017 and $150 per hour in 2018. These rates are reasonable and consistent with rates awarded in this district for similarly-experienced counsel, and indeed courts in this district have approved similar and even higher rates for Mr. Pollack and Ms. Acuna-Nelson in other cases. *See Palacio Cruz vs. Infante Security Protection, LLC*, Case No.: 18-CV-21839-GAYLES, ECF No. 17 (S.D. Fla. Sept. 4, 2018) (approving requested rate of $500 for Mr. Pollack and $150 for Ms. Acuna-Nelson for time billed in 2018); *Walker v. Iron Sushi LLC*, Case No.: 17-CV-61472-TORRES, ECF No. 42 (S.D. Fla. Feb. 7, 2018) (approving requested rate of $400 for Mr. Pollack and $135 for Ms. Acuna-

Nelson for time billed in 2017). The requested rate for associate Max Horowitz, Esq. ($250 per hour), however, is not similarly substantiated. The verified petition explains only that Mr. Horowitz was licensed in 2015 and engaged at counsel's firm for a few months in 2018. Despite the absence of any articulated objection by Defendants to the reasonableness of the rates, the undersigned recommends a billable rate of $200 per hour for Mr. Horowitz, which is a reasonable market rate for an associate with two years' experience, about whom the Court knows nothing else.

### b.     Number of Hours Reasonably Expended

The next step in the computation of the lodestar is a determination of reasonable hours expended on the litigation. A fee applicant must set out the general subject matter of the time expended by the attorney "with sufficient particularity so that the court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303. Excessive, redundant, or otherwise unnecessary hours should be excluded from the amount claimed. *Id.* at 1301. A fee applicant must exercise billing judgment by excluding "excessive, redundant or otherwise unnecessary [hours]." *Hensley*, 461 U.S. at 434. Where a fee applicant does not exercise billing judgment, "courts are obligated to do it for them." *Am. Civil Liberties Union of Georgia v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999). When a request for attorneys' fees is unreasonably high, the court "may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut," but it cannot do both. *See Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1351 (11th Cir. 2008). Additionally, the party opposing the fee application must satisfy his obligation to provide specific and reasonably precise objections concerning hours that should be included. *Norman*, 836 F.2d at 1301.

Defendants' contention that Plaintiff incurred a substantial amount of time to amend the complaint to add defendants Brandon Baby Inc. and Miguel Campos is not substantiated by the time records. As noted above, the issue of who employed Plaintiff was from beginning to end a contested issue in this case, and, at trial, the defense apparently rested on an argument about corporate form or identity, as opposed to on the merits of Plaintiff's claims. The undersigned has reviewed Plaintiff counsel's time entries relating to amendment and service of the complaint, and finds the time incurred to be conservatively billed, reasonable, and necessary to the prosecution of her case. Indeed, the jury agreed that the originally pled defendants, The Art of Freedom Inc. and Arlena Lopez, were in fact Plaintiff's employers *in addition* to Brandon Baby Inc. and Miguel Campos, and that they were jointly and severally liable for minimum wage and overtime violations.

Examination of the billing records demonstrates that to the extent Plaintiff's time was needlessly increased, it was incurred by the defense: a number of diary entries reflect efforts to obtain untimely discovery responses, answers to the complaint, and even comments to the joint pretrial stipulation. And though Defendants now characterize Plaintiff's amendment of the complaint as late, counsel's time records demonstrate that it was only after service of the amended complaint that defense counsel contacted Plaintiff's counsel—for the first time—to request a time to take Plaintiff's deposition.[1] Plaintiff's counsel did not unnecessarily multiply the proceedings, and, instead, successfully litigated his client's claim to a favorable outcome in spite of these obstacles. Accordingly, the undersigned declines to recommend a 30% across the board reduction of Plaintiff's attorney fees.

---

[1] Plaintiff's records further indicate that he opposed defense counsel's request, on grounds that it was made after expiration of the discovery period. There are no time entries memorializing Plaintiff counsel's attendance at the deposition of Plaintiff, nor attendance at any deposition set by Defendants.

Defendants failed to meaningfully object to Plaintiff's verified motion[2] and even when invited at the hearing to identify time entries to which they objected, Defendants did not. Notwithstanding the absence of specific objection, the undersigned carefully examined Plaintiff's submissions and recognizes certain entries that are not properly supported and thus recommends reducing those entries from the award. For example, fees incurred in commission of non-legal or administrative tasks are not compensable. An applicant for attorney fees "is not entitled to compensation at an attorney's rate simply because an attorney undertook tasks which were mundane, clerical or which did not require the full exercise of an attorney's education and judgment." *Norman*, 836 F.2d at 1306; *Tiramisu In'l LLC v. Clever Imports LLC*, 741 F. Supp. 2d 1279, 1297 (S.D. Fla. 2010). Plaintiff's records reflect a number of non-legal tasks, including scanning documents and scheduling matters.

Plaintiff may also not recover fees for duplicate or redundant billing entries where the unique contribution of the multiple timekeepers is not explained. *See ACLU of Ga.*, 168 F.3d at 432 ("Redundant hours must be excluded from the reasonable hours claimed by the fee applicant."). While there is nothing unreasonable about a client having multiple attorneys or paraprofessionals, a fee applicant may only recover for the hours of multiple attorneys if the billers "are not unreasonably doing the same work, and are being compensated for the distinct contribution of each lawyer." *Norman*, 836 F.2d at 1302; *ACLU of Ga.*, 168 F.3d at 432. The fee applicant has the burden to show "that the time spent by those attorneys reflects the distinct contribution of each lawyer to the case and is the customary practice of multiple-lawyer litigation." *Id.* For example, though both Mr. Pollack and his paralegal attended mediation, Ms.

---

[2] The undersigned has taken into consideration the arguments raised in Defendants' Motion for Reduction of Attorney Fees (ECF No. 105), despite the failure to timely respond in opposition to Plaintiff's verified motion, and despite the failure to comply with Local Rule 7.3, which requires an objecting party to identify with particularity those fees or costs to which it objects.

9

Acuna-Nelson provided interpretation; this justifies both timekeepers' amount of time billed (5.0 hours each). The same is not true for multiple timekeepers' attendance at the settlement conference on February 1, 2018, where Mr. Horowitz's time entry sets forth no unique description from that of Mr. Pollock.

Furthermore, Plaintiffs cannot recover fees for time spent on unfiled motions. *See* ECF No. 94-1 at 11 (billing 4.3 hours on 3/7/18 for unfiled motion to strike witnesses). While it is not *per se* unreasonable to bill a client for time expended on an unfiled motion, such fees cannot be fairly described as reasonably incurred where, as here, no proffered explanation is given for why it was reasonable to incur such fees. *See Lee v. Krystal Co.*, 918 F. Supp. 2d 1261, 1270 (S.D. Ala. 2013).

Finally, counsel's diaries include a number of entries described as "receipt and review" of documents with no further activity ensuing from that review. The entries do not reflect that these tasks meaningfully contributed to the prosecution of this case, exemplified by multiple time entries for the "receipt and review" of the same documents on different dates. *See* ECF No. 94-1 at 13-14 (billing .2 hours on 4/5/18 and 4/26/18 for "receipt and review" of answer and affirmative defenses). Thus, the undersigned will deduct 9.8 hours spent on such tasks billed.[3]

Accordingly, the undersigned finds that the following billing entries should not be entitled to compensation:

| Date | Biller | Hours Deducted | Reason for Deduction |
|---|---|---|---|
| 5/8/17 | Cynthia Acuna-Nelson | .2 | Clerical |
| 6/1/17 | Cynthia Acuna-Nelson | .1 | Clerical/Scheduling |
| 6/2/17 | Cynthia Acuna-Nelson | .1 | Clerical |
| 6/26/17 | Cynthia Acuna-Nelson | .3 | Scheduling |
| 6/28/17 | Cynthia Acuna-Nelson | .2 | Scheduling |
| 9/18/17 | Cynthia Acuna-Nelson | .1 | Scheduling |

---

[3] Because there are so many of these entries, the undersigned will not itemize each billing entry, as opposed to other deducted billing entries.

| 10/2/17 | Cynthia Acuna-Nelson | .2 | Scheduling |
|---|---|---|---|
| 10/2/17 | Cynthia Acuna-Nelson | .1 | Scheduling |
| 11/14/17 | Cynthia Acuna-Nelson | .1 | Clerical |
| 11/14/17 | Cynthia Acuna-Nelson | .1 | Clerical |
| 11/16/17 | Cynthia Acuna-Nelson | .1 | Clerical |
| 12/1/17 | Cynthia Acuna-Nelson | .1 | Duplicative |
| 12/4/17 | Cynthia Acuna-Nelson | .1 | Clerical |
| 1/9/18 | Cynthia Acuna-Nelson | .3 | Clerical |
| 1/12/18 | Max Horowitz | .4 | Vague description |
| 1/31/18 | Brian Pollack | .2 | Clerical |
| 2/1/18 | Max Horowitz | 3.0 | Duplicative |
| 2/17/18 | Cynthia Acuna-Nelson | .1 | Scheduling |
| 3/7/18 | Max Horowitz | 4.3 | Motion not filed |
| 3/8/18 | Max Horowitz | .2 | Vague description |
| 3/8/18 | Cynthia Acuna-Nelson | .2 | Scheduling |
| 3/8/18 | Cynthia Acuna-Nelson | .1 | Clerical/Scheduling |
| 3/9/18 | Cynthia Acuna-Nelson | .1 | Clerical/Scheduling |
| 4/2/18 | Cynthia Acuna-Nelson | .1 | Clerical |
| 4/3/18 | Cynthia Acuna-Nelson | .2 | Clerical |
| 4/3/18 | Brian Pollack | .3 | Scheduling |
| 4/19/18 | Cynthia Acuna-Nelson | .1 | Clerical |
| 6/27/18 | Cynthia Acuna-Nelson | 2.8 | Clerical |
| 6/28/18 | Cynthia Acuna-Nelson | 1.3 | Clerical |
| 6/28/18 | Brian Pollack | .2 | Unclear |
| 7/6/18 | Brian Pollack | .2 | Unclear |
| 7/6/18 | Cynthia Acuna-Nelson | .1 | Clerical |
| 7/6/18 | Cynthia Acuna-Nelson | .1 | Clerical |
| 7/9/18 | Cynthia Acuna-Nelson | .1 | Clerical |
| 7/9/18 | Cynthia Acuna-Nelson | .1 | Clerical |
| 7/11/18 | Brian Pollack | 7.1 | Duplicative |

The undersigned has conducted a thorough review of the billing records attached to Plaintiff's motion. At first blush, the request might not appear to be reasonable, as the amount sought in fees exceeds the damages award by nearly eight times. However, the Court is not constrained to award fees in proportion to the award. *See James v. Wash Depot Holdings, Inc.*, 489 F. Supp. 2d 1341, 1347 (S.D. Fla. 2007) (citing *Andrews v. United States*, 122 F.3d 1367, 1376 (11th Cir.1997)); *c.f. City of Riverside v. Rivera*, 477 U.S. 561, 574, 106 S. Ct. 2686, 2694, 91 L. Ed. 2d 466 (1986). More significantly, the facts particular to this representation

11

demonstrate the reasonableness of the fees incurred. During the pendency of the case, Mr. Pollack was the only attorney at his office. Counsel had to turn away other representations in order to prepare for and try the case. Counsel's time records evidence efficient delegation to his paralegal, which demonstrates a conscientious effort to keep the fees incurred down. Finally, Plaintiff contends that trial was necessitated by Defendants' failure or refusal to settle. This is borne out by the time entries, which reflect preparation for and attendance of mediation in December 2017, a settlement conference in February 2018, and attempts at settlement discussions leading up to the trial date. With the exceptions noted above, the undersigned is satisfied that the total fee award calculated is reasonable in this case.

Accordingly, the total amount that the Court should award Plaintiff in attorney fees is **$65,161.00**, as calculated below.

| **Biller** | **Hours** | **Hours After Deductions** | **Rate** | **Lodestar** |
|---|---|---|---|---|
| Brian Pollack (2017) | 19.0 | 15.4 | $400 | $6,160.00 |
| Brian Pollack (2018) | 135.3 | 120.8 | $425 | $51,340.00 |
| Cynthia Acuna-Nelson (2017) | 14.4 | 12.6 | $135 | $1,701.00 |
| Cynthia Acuna-Nelson (2018) | 45.3 | 39.6 | $150 | $5,940.00 |
| Max Horowitz | 8.0 | .1 | $200 | $20.00 |
| **TOTAL:** | | | | **$65,161.00** |

### B.     Plaintiff's Motion for Bill of Costs

#### 1.     Legal Standard

Federal Rule of Civil Procedure Rule 54(d)(1) allows prevailing parties to receive litigation costs other than attorney fees. There is a "strong presumption" in favor of awarding taxable costs to the prevailing party, which the challenging party has the burden to overcome. *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007). Pursuant to 28 U.S.C. § 1920, a district court may tax as costs: "(1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and

disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title." "[A]bsent explicit statutory or contractual authorization, federal courts are bound by the limitations set out in 28 U.S.C. § 1920." *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001) (citation omitted).

### 2. Entitlement to Costs

As noted above, it is undisputed that Plaintiff is the prevailing party in this action—the Court entered final judgment in favor of Plaintiff based on the jury's verdict at trial. Defendants do not dispute this. Accordingly, the Court should award Plaintiff its taxable costs. Fed. R. Civ. P. 54(d)(1).

### 3. Amount of Costs

Plaintiff has moved the Court for $4,946.69 in taxable costs, consisting of (1) $400.00 in fees of the Clerk (filing fee); (2) $360.00 in fees for service of summons and subpoena; (3) $821.95 in court reporting and transcript fees; (4) $86.46 in printing costs; (5) $125.75 in exemplification and copying costs; (6) $2,025.00 in interpreter fees; and (7) $1,127.53 in "other costs."

#### a. Filing Fee

Filing fees are taxable pursuant to 28 U.S.C. § 1920(1). Plaintiff attached the receipt for her filing fee to her bill of costs, which shows a fee of $400.00 (ECF No. 93-12). This filing fee is both reasonable and taxable, and Defendants do not object to such fee in this instant.

Accordingly, the undersigned recommends that the Court award Plaintiff the $400.00 she incurred in filing fees.

### b. Subpoena Costs

Plaintiff seeks a total of $360.00 in subpoena costs, comprised of the costs incurred in subpoenaing Defendants Miguel Campos, Brandon Baby, and The Art of Freedom d/b/a La Esquina de la Fama; as well as RSV Tax & Accounting Service, Inc. and Bank of America, each at two different addresses. Each of these subpoenas was served using a private process server, whose fees are recoverable as costs. *See U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 624. Further, each of the subpoenas cost $45.00 to deliver, which is permissible to recover as below the $65.00 amount charged by the U.S. Marshal, pursuant to 28 C.F.R. § 0.114. *See Brannon v. Finkelstein*, No. 10-61813-CIV, 2017 WL 1395171, at *13 (S.D. Fla. Feb. 1, 2017), *report and recommendation approved*, No. 10-61813-CV, 2017 WL 1452944 (S.D. Fla. Feb. 17, 2017).

Though Defendants do not challenge recovery of these subpoena costs, the undersigned recommends making two reductions. First, though Plaintiff attached to her bill of costs receipts from the service of these subpoenas, she only provided proof of service of seven subpoenas at $45.00 each, totaling $315.00, not $360.00. The undersigned will not award a subpoena cost for which there is no receipt. Furthermore, the undersigned will decline to award costs for the second subpoenas issued to each of RSV Tax & Accounting Service, Inc. and Bank of America, as Plaintiff did not proffer an explanation for why it was necessary to serve two subpoenas at two addresses.

With these reductions, the undersigned recommends awarding $225.00 in subpoena costs to Plaintiff.

### c.     Court Reporter Fees and Deposition Transcript Fees

Plaintiff seeks $821.95 in court reporter fees and transcript fees incurred in the depositions of Defendants Lopez and Campos. Transcript fees are recoverable under the plain language of 28 U.S.C. § 1920(2), and courts have found that court reporter fees are also recoverable under the statute. *See Brannon*, No. 10-61813-CIV, 2017 WL 1395171, at *10. However, miscellaneous costs associated with deposition transcripts, such as shipping and handling, expedited delivery of transcripts, exhibit costs, or condensed transcripts, are not taxable because they are incurred for convenience of counsel, as opposed to being necessarily obtained for use in the case. *See Watson v. Lake Cty.*, 492 F. App'x 991, 997 (11th Cir. 2012) ("§ 1920 does not authorize recovery of costs for shipment of depositions") *Garden-Aire Vill. S. Condo. Ass'n, Inc. v. QBE Ins. Corp.*, No. 10-61985-CIV, 2013 WL 12086655, at *2 (S.D. Fla. June 13, 2013).

While Plaintiff may recover the costs for transcripts and court reporter attendance fees, she may not recover the $28.00 incurred on "delivery and handling." Accordingly, the undersigned recommends reducing the total amount sought and awarding Plaintiff $793.95 in transcript costs.

### d.     Printing / Copying Costs

Plaintiff seeks $86.46 in printing costs, and $125.75 in exemplification and copying costs. Both printing and exemplification costs are recoverable if they are "necessarily obtained for use in the case." 28 U.S.C. § 1920(2) and (4). The party moving for costs has the burden to show that the copies for which reimbursement is sought were necessarily obtained for use in the case. *See Diaz v. AIG Mktg., Inc.*, No. 09-60011-CIV, 2010 WL 2541872, at *4 (S.D. Fla. June 1, 2010), *report and recommendation adopted*, No. 09-60011CIV, 2010 WL 2541111 (S.D. Fla.

15

June 22, 2010). In this district, printed pages and copies attributable to discovery, pleadings, correspondence, exhibits, documents tendered to the opposing party, copies, and documents prepared for the Court's consideration are all recoverable. *See Fla. Keys Citizens Coal., Inc. v. U.S. Army Corps of Engineers*, 386 F. Supp. 2d 1266, 1270 (S.D. Fla. 2005).

Having reviewed both the receipts attached to Plaintiff's bill of costs and Plaintiff's list of invoices attached to her verified motion, the undersigned is satisfied that the printing and copy costs incurred were necessarily obtained for use in the case. Accordingly, the undersigned recommends awarding $86.46 in printing costs, and $125.75 in exemplification and copying costs.

### e. Interpreter Fees

Plaintiff seeks $2,025.00 in Spanish interpreter fees, incurred to assist the Spanish-speaking Plaintiff, at a settlement conference before the Honorable Edwin G. Torres, United States Magistrate Judge; at the depositions of Defendants; and at trial. Section 1920(6) provides that the "compensation of interpreters" is a taxable cost. The undersigned finds that these fees were reasonably incurred for use in this litigation, and accordingly recommends awarding Plaintiff the full $2,025.00 sought in interpreter fees.

### f. Miscellaneous Costs

Plaintiff seeks $1,127.53 in "other costs," which include parking, mediation fees, postage, and case-specific supplies. Plaintiff contends that the case *Evans v. Books-A-Million*, 762 F.3d 1288, 1299 (11th Cir. 2014) allows for recovery of such fees, where the Eleventh Circuit found that "expenses for mediation, legal research, postage and travel may be awarded as attorneys' fees if the district court determines they were reasonably incurred in the course of case preparation, settlement, or litigation." *Id.* at 1299. However, the holding in *Evans* was

specifically predicated on the fee-shifting provision under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(g)(1), a statute not relevant to this case. The Eleventh Circuit has declined to extend the *Evans* holding beyond the ERISA context. *See Embree v. Medicredit, Inc.*, No. 18-10061, 2018 WL 4360799, at *3 (11th Cir. Sept. 12, 2018) (declining to extend *Evans* to FDCPA; affirming district court decision to limit litigation expenses of costs taxable under § 1920). The undersigned similarly declines to recommend awarding costs not enumerated by § 1920.

Finally, the undersigned notes that, as a part of these miscellaneous costs, Plaintiff is seeking recovery of $337.00 related to "Subpoena Records for Brandon Baby Inc. and The Art of Freedom," attaching to her bill of costs an invoice from "RSV Tax & Accounting Services Inc." These costs appear to be expenses that RSV Tax & Accounting Services charged Plaintiff for the search, compilation, reproduction, and delivery of records. Costs associated with the production of documents by a non-party subpoena recipient may not be taxable under § 1920.

Accordingly, the undersigned recommends awarding Plaintiff **$3,656.16** in costs, itemized as follows:

| **Plaintiff's Expenses:** | **Recommended Costs to Award:** |
|---|---|
| Filing Fees | $400.00 |
| Subpoena Costs | $225.00 |
| Court Reporter/Deposition Costs | $793.95 |
| Printing Costs | $86.46 |
| Copying Costs | $125.75 |
| Interpreter Fees | $2,025.00 |
| **TOTAL:** | **$3,656.16** |

### III. RECOMMENDATION

For the foregoing reasons, the undersigned RECOMMENDS that Plaintiff's Motion for Bill of Costs (ECF No. 93) and Plaintiff's Verified Motion for Entitlement to an Award of

Attorneys' Fees and Costs (ECF No. 94) be GRANTED IN PART; and Defendants' Motion for Reduction of Attorney Fees (ECF No. 105) be DENIED. The undersigned RECOMMENDS that Plaintiff be awarded **$65,161.00** in attorney fees, and **$3,656.16** in taxable costs.

**RESPECTFULLY SUBMITTED** in chambers at Miami, Florida, this 14th day of December, 2018.

_____
LAUREN LOUIS
UNITED STATES MAGISTRATE JUDGE